[No. 34757. Department One. March 3, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH EGGERS, *Appellant*.[1]

*Kelley & Graham,* for appellant.

*Charles W. Cone,* for respondent.

HUNTER, J.—The defendant was charged and convicted of the crime of manslaughter. This appeal arises from the misconduct of a prospective juror during *voir dire* examination. The prospective juror had been asked about eleven preliminary questions, when he rose and, without warning, expressed a highly offensive and vilifying opinion of defendant's counsel, before he could be silenced by the court. He was immediately excused and two more prospective jurors were examined. The court then, at the request of

[1]Reported in 349 P. (2d) 734.

the defense counsel and with the approval of the prosecutor, made the following statement to the entire jury panel:

" . . . It has been requested by the attorney for the defense, and approved by Mr. Cone, the Prosecutor, that the Court at this time make a statement to the entire jury panel in reference to the statement made by Mr. Wright. Such a statement by Mr. Wright, of course, comes from his feelings, and such a statement could possibly be grounds for an appropriate motion by the defense, which the defense is seemingly not going to take at this time. I am informed by Mr. Kelley that in his opinion the statement by Mr. Wright comes out of the fact that in Grant County he defended a woman who shot her husband. The result of the trial in Grant County was that the wife, the woman, the defendant, was acquitted. She was found not guilty. Mr. Wright, I understand, is an uncle—the person who was killed, the husband, was a nephew of Mr. Wright. It is natural, of course, that Mr. Wright would have some feeling. But I wish to instruct the panel very, very specifically that they are not to take any credence or any basis for any formation of opinion from the statement made by Mr. Wright. Mr. Kelley was simply following out and carrying out his duties as an attorney for the defense.

"And again I would caution, very, very definitely and very sincerely all members of the panel, and particularly those who finally are chosen as the twelve jurors in this case, that they are to dismiss from their minds entirely the statement made by Mr. Wright, or any implication therefrom, and that neither Mr. Kelley personally, nor his client—the defendant in this matter—are to be deprived in any degree whatsoever of full faith and credit and attention in this matter before the Court because of any statement made here this morning.

"The final twelve people on this jury will have in their hands the freedom or confinement of an individual which will go over a considerable period of time, and it is a serious matter. And again I would emphasize—and if I have repeated myself, I mean to repeat myself—that the statement is to be dismissed from your minds entirely, and Mr. Kelley and his client are to be given full faith and credence and attention, as if the statement were never made. You may proceed."

After this statement by the court the *voir dire* examination continued until the morning recess was taken.

In the absence of the jury, defense counsel made a motion for a mistrial and discharge of the jury panel, based on the statement made by the prospective juror. The court took the motion under advisement until the following morning, at which time the motion was denied.

The appellant's sole assignment of error in this appeal is to the court's denial of appellant's motion for a mistrial and discharge of the jury panel.

Appellant contends he was denied a fair and impartial trial by jury; that the statement made by the prospective juror was such that no amount of caution or instruction could remove the cloud placed upon appellant's counsel, and the prejudice by association that was directed to the appellant himself; that the effect of the statement was to place in the minds of every prospective juror, a strong doubt as to the ethics of appellant's counsel and, therefore, the thought that unless the appellant was guilty of the crime charged, he would not have employed him.

■ We disagree. This is not a case of misconduct by an officer of the court or a party to the proceedings whose comment would be irreparably prejudicial. We are dealing with a comment by a stranger, which could not be taken as anyone's opinion but his own. Moreover, the trial judge's immediate admonishment was sufficient to cause any reasonable person to resent this unwarranted outburst, and to cause him to make certain that it would not interfere with his giving fair consideration to the evidence. Jurors are assumed to be fair and reasonable and there is a total absence of evidence that the jurors selected in this case were otherwise.

In *State v. Pepoon*, 62 Wash. 635, 114 Pac. 449 (1911), we made an observation which is appropriate here:

" . . . if we assume that jurors are so quickly forgetful of the duties of citizenship as to stand continually ready to violate their oath on the slightest provocation, we must inevitably conclude that a trial by jury is a farce and our government a failure. . . ."

We are satisfied the appellant was not denied a trial by a

fair and impartial jury. The trial court properly denied the appellant's motion for a mistrial.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.